UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case No. 05-CV-80369
vs.                                    HON. GEORGE CARAM STEEH

RICCARDO TOLLIVER,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS FEBRUARY 8, 2006 STATEMENTS (#177); DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO EXCLUDE EXCERPTS OF FEBRUARY 7-8, 2006 STATEMENTS (#178); AND DENYING MOTION TO DISMISS (#176)

Defendant Riccardo Tolliver moves to: (1) suppress statements he made at a February 7, 2006 interview to ATF agents in Mississauga, Ontario; (2) exclude certain recorded statements he made to Canadian law enforcement authorities on February 7-8, 2006; and (3) dismiss charges of conspiracy to possess marijuana with intent to distribute, possession of marijuana with intent to distribute, and use of a firearm in relation to a drug trafficking crime. Oral argument would not aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

Tolliver is charged in a June 27, 2007 Third Superseding Indictment with one count (Count 1) of possession and transportation of 16 firearms with obliterated serial numbers, 18 U.S.C. §§ 922(k) and 2, one count (Count 2) of conspiracy to possess marijuana with intent to distribute, 21 U.S.C. §§ 846 and 841(a)(1), four counts (Counts 3, 5, 7, and 10) of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) and 18 U.S.C.

§ 2, four counts (Counts 4, 6, 8, and 11) of using a firearm in relation to a drug trafficking crime, 18 U.S.C. §§ 924(c) and 2, and one count (Count 9) of unlawfully transporting firearms in interstate and foreign commerce, 18 U.S.C. §§ 922(a)(1)(A). On February 7, 2006, Tolliver was arrested by Canadian authorities in Mississauga, Ontario and interviewed by members of the Peel Regional Police Department and ATF agents.

### I. Statements to ATF Agents

Tolliver moves to suppress all statements he made to ATF agents because the ATF agents did not use available audio-video (A/V) equipment to record the interview, but instead took only written notes. Tolliver advances what he refers to as a hybrid best evidence rule.

Federal law does not require the recording of custodial interrogations or confessions. United States v. Dobbins, No. 96-4233, 1998 WL 598717, *4 (6th Cir. Aug. 27, 1998) (unpublished) (citing United States v. Coades, 549 F.2d 1303, 1305 (9th Cir. 1977); United States v. Short, 947 F.2d 1445, 1451 (10th Cir. 1991)). The dissenting opinion in Meyers v. United States, 171 F.2d 800, 814-823 (D.C. Cir. 1948) does not warrant a different conclusion. United States v. Lewis, 355 F.Supp.2d 870 (E.D. Mich. 2005) (Cohn, J.) involved a very different situation where no officer took notes at the unrecorded interview. Id. at 872. Further, the Lewis court suppressed the criminal defendant's interview statements because the government had failed to prove by a preponderance of the evidence that the defendant had been given his Miranda rights prior to the interview, not because the interview was not electronically recorded. Id. at 874.

The best evidence rule is set forth at Federal Rule of Evidence 1002:

> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

The ATF agents' notes are not offered to prove the content of a set of original notes, but

2

to prove the content of Tolliver's oral statements. The best evidence rule is thus inapplicable. See United States v. Howard, 953 F.2d 610, 612 (11th Cir. 1992) (reasoning that "[s]ince the proffered testimony was offered not to prove the content of the tapes, but rather, the contents of the conversations, the best evidence rule does not apply[.]).

Tolliver's motion to suppress statements he made to ATF agents will be denied.

## II. Recorded Statements to Canadian Authorities

Tolliver moves to exclude certain electronically recorded statements he made to Canadian law enforcement authorities on February 7-8, 2006 as prior acts evidence inadmissable under Federal Rules of Evidence 403 and 404(b). Tolliver also moves to suppress statements made by Canadian authorities that firearms allegedly transported by Tolliver were used to commit robberies, assaults, and murders in Canada. The Government concedes that portions of the subject recordings should be excluded under Rules 403 and 404(b). The Government asks that the parties be provided an opportunity to reach an agreement as to the proper redaction of the videotapes.

The court has not been provided with a copy of the recordings. Tolliver does not argue that the entire recorded interview is inadmissable. Tolliver has not identified with requisite specificity what portions of the recordings he believes are subject to exclusion. Accordingly, the court will deny Tolliver's motion without prejudice in deference to the parties' efforts to narrow, if not eliminate, this evidentiary issue. Tolliver may renew the motion prior to trial if the issue remains unresolved.

## III. Motion to Dismiss

Tolliver moves to dismiss the marijuana conspiracy charge alleged in Count 2, and the four possession of marijuana with intent to distribute charges alleged in Counts 3, 5, 7, and 10, arguing the alleged criminal acts were committed in Canada, and therefore the criminal charges are extraterritorial and not subject to the jurisdiction of a United States

3

district court. Tolliver refers to 21 U.S.C. § 841(a)(1) and the absence of any statutory language expressing Congressional intent that the statute should have extraterritorial application. Tolliver likewise seeks dismissal of the four § 924(c) charges of using a firearm in relation to a drug trafficking crime, and also argues that dismissal of these charges is appropriate because the court lacks jurisdiction of the underlying § 841(a)(1) drug charges.

At the outset, all eleven Counts charge that Tolliver committed the corresponding crimes "in the Eastern District of Michigan, Southern Division, and elsewhere." See June 28, 2007 Third Superseding Indictment. The Government explains that the charges against Tolliver and his co-defendants arise from a conspiracy to illegally purchase firearms in the United States using nominee purchasers, obliterate the serial numbers in the United States, transport the firearms to Canada, exchange the firearms for marijuana in Canada, and ship the marijuana back to the United States through Detroit. The fact that Tolliver was *arrested* in Canada does not preclude the Government from proving that Tolliver committed the charged crimes within the United States. See United States v. Rodriquez-Moreno, 526 U.S. 275, 281 (1999) (recognizing that "where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done.") Even assuming that § 841(a)(1) and § 924(c) were not intended to apply extraterritorially, Tolliver's motion to dismiss is without merit.

Tolliver concedes that the five Circuits that have addressed the issue have held that § 841(a)(1), criminalizing the possession of unlawful drugs, has extraterritorial effect. See United States v. Wright-Barker, 784 F.2d 161 (3rd Cir. 1996); United States v. Larsen, 952 F.2d 1099 (9th Cir. 1991); United States v. Orozco-Prada, 732 F.2d 1076 (2nd Cir. 1984); United States v. Baker, 609 F.2d 134 (5th Cir. 1980); United States v. Arra, 630 F.2d 836 (1st Cir. 1980). A statute's silence as to extraterritorial application is not dispositive of the issue because Congressional intent of extraterritorial application may be inferred from other

4

legislative efforts to eliminate the same type of crime.  Baker, 609 F.2d at 136.  The Comprehensive Drug Abuse Prevention and Control Act of 1970 mandates that § 841(a)(1), criminalizing the possession of controlled substances, and § 846, criminalizing unlawful drug conspiracies, have extraterritorial application.  Id. at 137.  "The power to control efforts to introduce illicit drugs into the United States from the high seas and foreign nations is a necessary incident to eradicate all illegal drug trafficking."  Id. at 137.  Tolliver's statutory language argument is unpersuasive in light of uncontradicted precedent.  § 841(a)(1) and § 924(c), being part of a comprehensive scheme to eradicate all illegal drug trafficking, have extraterritorial application as a matter of law.  Id. at 136-137

Tolliver's motion to dismiss will be denied.

## IV. Conclusion

Defendant Tolliver's motion to suppress statements he made at a February 7, 2006 interview to ATF agents is hereby DENIED.  Tolliver's motion to exclude certain recorded statements he made to Canadian law enforcement authorities on February 7-8, 2006 is hereby DENIED, without prejudice.  Tolliver's motion to dismiss is hereby DENIED.

SO ORDERED.

Dated:  November 1, 2007

                                s/George Caram Steeh
                                GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 1, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk