UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No. 05-CV-80369
        HON. GEORGE CARAM STEEH

RICCARDO TOLLIVER,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO ELECT A CHARGE (# 210)

Defendant Riccardo Tolliver moves for entry of a court order requiring the Government to elect in Counts 4, 6, 8, and 11 whether the Government is charging him under 18 U.S.C. § 924(c) with using a firearm in relation to a drug trafficking crime, or with possessing a firearm in furtherance of a drug trafficking crime. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Tolliver is charged in a November 26, 2007 Fourth Superseding Indictment with one count of possession and transportation of 16 firearms with obliterated serial numbers, 18 U.S.C. §§ 922(k) and 2, one count of conspiracy to possess marijuana with intent to distribute, 21 U.S.C. §§ 846 and 841(a)(1), four counts of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, one count of unlawfully transporting firearms in interstate and foreign commerce, 18 U.S.C. §§ 922(a)(1)(A), and four counts (Counts 4, 6, 8, and 11) of using or possessing a firearm relative to a drug trafficking crime, 18 U.S.C. §§ 924(c) and 2. Tolliver argues Counts 4, 6, 8, and 11 are each duplicitous and violate his Sixth Amendment right to jury unanimity by charging him

in each count of both *use* of a firearm in relation to a drug trafficking crime and *possession* of a firearm in furtherance of a drug trafficking crime. The Government concedes that Counts 4, 6, 8, and 11 are duplicitous, but argues that the appropriate remedy is a jury instruction and a special jury verdict form.

      18 U.S.C. § 924(c) provides in pertinent part:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, <u>any person who, during and in relation to any crime of violence or drug trafficking crime</u> (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, <u>uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm,</u> shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Using or carrying a firearm during and in relation to a drug trafficking crime, and possessing a firearm in furtherance of a drug trafficking crime, are two separate and distinct offenses criminalized under § 924(c). <u>United States v. Combs</u>, 369 F.3d 925, 933 (6th Cir. 2004). A § 924(c) charge of both "use" of a firearm "during and in relation to" a drug trafficking crime, and "possession" of a firearm "in furtherance of" a drug trafficking crime, is therefore "clearly duplicitous." <u>United States v. Savoires</u>, 430 F.3d 376, 379-380 (6th Cir. 2005).

> An indictment is 'duplicitous' when it joins in a single count two or more distinct and separate offenses. The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense. The rules about . . . duplicity are pleading rules, the violation of which is not fatal to an indictment. [A defendant's] remedy is to move to require the prosecution to elect . . . the charge within the count upon which it will rely. Additionally, a duplicitous . . . indictment is remediable by the court's instruction to the jury particularizing the distinct offense charged in each count of the indictment.

United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir. 1981) (internal citations and quotations omitted). See also United States v. Lloyd, 462 F.3d 510, 515 (6th Cir. 2006) (finding that duplicitous § 924(c) charge did not affect the defendant's substantial rights in light of evidence presented at trial, jury instructions, and special verdict form).

Recognizing the two acceptable options of either requiring the Government to now elect whether to pursue a "use" or "possession" charge under § 924(c), or deferring to the use of appropriate jury instructions and a special verdict form at the close of trial, the court finds the latter option to be the more prudent approach. Under the circumstances of this case, it would be premature for the court to require the Government to elect which alternative § 924(c) charge to pursue in Counts 4, 6, 8, and 11 before the evidence has been presented and developed at trial. Indeed, the evidence may allow Tolliver to be charged and convicted under both a "use" and "possession" charge. Tolliver will have the opportunity to move for a directed verdict at the close of proofs. Accordingly,

Defendant Tolliver's motion for entry of an order requiring the Government to elect either a "use" or "possession" charge in Counts 4, 6, 8, and 11 is hereby DENIED.

SO ORDERED.

Dated: March 10, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 10, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk