UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.
      Case No. 05-CV-80369
      HON. GEORGE CARAM STEEH

RICARDO TOLLIVER,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 4, 6, 8, AND 11 (#221)

Defendant Ricardo Tolliver moves for dismissal of Counts 4, 6, 8, and 11 charging him under 18 U.S.C. § 924(c) with using a firearm in relation to a drug trafficking crime or possessing a firearm in furtherance of a drug trafficking crime. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Tolliver is charged in a November 26, 2007 Fourth Superseding Indictment with one count of possession and transportation of 16 firearms with obliterated serial numbers, 18 U.S.C. §§ 922(k) and 2, one count of conspiracy to possess marijuana with intent to distribute, 21 U.S.C. §§ 846 and 841(a)(1), four counts of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, one count of unlawfully transporting firearms in interstate and foreign commerce, 18 U.S.C. §§ 922(a)(1)(A), and four counts (Counts 4, 6, 8, and 11) of using or possessing a firearm relative to a drug trafficking crime, 18 U.S.C. §§ 924(c) and 2.

In his motion to dismiss, Tolliver challenges the charges under 18 U.S.C. § 924(c), which provides in pertinent part:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, <u>uses</u> or carries <u>a firearm, or</u> who, in furtherance of any such crime, <u>possesses a firearm</u>, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(emphasis added). "Using" a firearm during and in relation to a drug trafficking crime, and "possessing" a firearm in furtherance of a drug trafficking crime, are two separate and distinct offenses criminalized under § 924(c). <u>United States v. Combs</u>, 369 F.3d 925, 933 (6th Cir. 2004).

Tolliver argues Counts 4, 6, 8, and 11 are subject to dismissal because he neither "used" nor "possessed" a firearm as defined by law. Specifically, Tolliver argues that trading firearms for drugs, as he is charged, does not constitute "using" or "possessing" a firearm in violation of § 924(c). Tolliver relies upon <u>Watson v. United States</u>, 128 S. Ct. 579 (2007), and <u>United States v. Blunt</u>, 540 F.Supp. 2d 664 (E.D. Va. 2008), in arguing that trading drugs for guns does not constitute "use" under § 924(c) as a matter of law. Tolliver also maintains that, consistent with <u>Watson</u> and <u>Blunt</u>, he cannot be convicted for "using"

2

a firearm in furtherance of a drug crime as either a principal or an aider and abetter. Tolliver further reasons that, pursuant to Bailey v. United States, 516 U.S. 137 (1995), bartering falls within the "use" prong of § 924(c), and therefore he cannot be convicted under the "possession" prong of § 924(c). Tolliver concludes by arguing that, although firearms may have been present during marijuana deliveries, such firearms were unrelated to the drug transactions, and merely incidentally involved.

The Supreme Court held in Watson that a person who receives firearms for drugs cannot be found guilty under the "use" prong of § 924(c) because he has "used" the drugs, not the firearms, in the transaction. See Watson, 128 S. Ct. at 586. Consistent with Watson, the district court in Blunt vacated a defendant's guilty-plea to "use" of a firearm during and in relation to a drug trafficking crime because the factual basis for the guilty plea was that the defendant had received two firearms in exchange for one pound of marijuana. Blunt, 540 F.Supp.2d at 665-66.

The Supreme Court held in Smith v. United States, 508 U.S. 223 (1993) held that a person who receives drugs in exchange for firearms may be found guilty of unlawful "use" of a firearm. Id. at 241. In such a situation, that person has "used" the firearms to obtain drugs. The Sixth Circuit has held that acquiring a firearm in exchange for drugs constitutes "possession" of a firearm in furtherance of a drug sale in violation of § 924(c). United States v. Frederick, 406 F.3d 754, 764 (6th Cir. 2005).

Tolliver may be found guilty of unlawful "use" of a firearm under § 924(c) if the Government proves Tolliver received drugs in exchange for firearms. Smith, 508 U.S. at 241. Tolliver may be found guilty of unlawful "possession" of a firearm in violation of § 924(c) if the Government proves Tolliver received firearms in exchange for drugs.

3

Frederick, 406 F.3d at 764. The Government has expressed its expectation to show that Tolliver served as a middle-man, intending that one party walk away with guns and the other party with drugs. Unlike cases involving a fact based guilty plea, the facts here remain to be developed at trial. At best, Tolliver's motion is premature. See Fed. R. Crim. P. 29. Tolliver's argument that the firearms were merely present and incidental to the delivery of marijuana is conclusory, and not well taken. Accordingly,

Defendant Tolliver's motion to dismiss Counts 4, 6, 8 and 11 is hereby DENIED.

SO ORDERED.

Dated: June 17, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 17, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk