UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICCARDO TOLLIVER,

    Defendant.
_____/

Case No. 05-80369

Hon. George Caram Steeh

ORDER DENYING REQUEST FOR
REDUCTION OF SENTENCE (ECF No. 321)

The court received a letter from Defendant Riccardo Tolliver, which it treats as a motion for a sentence reduction under the First Step Act.

On January 5, 2009, Tolliver pleaded guilty to several charges, including two counts of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On the first § 924(c) count (Count 4), the court sentenced Tolliver to the mandatory minimum of 60 months in prison. On the second § 924(c) count (Count 6), the court sentenced Tolliver to the mandatory minimum of 300 months in prison, to

be served consecutive to Count 4 and other counts.[1]  At the time Tolliver was sentenced, any second conviction under § 924(c), even if it occurred in the same proceeding as the first conviction, resulted in a mandatory sentence "of not less than 25 years." 18 U.S.C. § 924(c)(1)(C) (2006).  *See United States v. Washington*, 714 F.3d 962, 970 (6th Cir. 2013) (citing *Deal v. United States*, 508 U.S. 129 (1993)).  The practice of imposing a sentence enhancement for a second or subsequent § 924(c) conviction in the same proceeding is referred to as "stacking."

The First Step Act of 2018 amended § 924(c)(1)(C) to eliminate "stacking."  *See* Pub. L. No. 115-391, § 403, 132 Stat. 5194 (Dec. 21, 2018).  In other words, to trigger the 25-year minimum under § 924(c)(1)(C), the prior conviction must have occurred in a prior proceeding and "become final." *Id.*

Unfortunately for Tolliver, § 403 of the First Step Act is not retroactive.  *See id.*  The statute provides that § 403 "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Id.* at § 403(b).  Because Tolliver's sentence was imposed

---

[1] Tolliver was also convicted of five other counts, including a drug conspiracy, which are not at issue here.

prior to its enactment, the First Step Act does not provide him with relief. *See United States v. Robinson*, 2019 WL 4463272 at *2 (E.D. Mich. Sept. 18, 2019).

Recognizing this barrier, Tolliver requests that the court ask the U.S. Attorney to agree to vacate one of his § 924(c) convictions. *See United States v. Holloway*, 68 F. Supp.3d 310 (E.D. N.Y. 2014) (vacating two § 924(c) convictions, with agreement of the government). *Holloway* is a unique case in which the judge asked the government to agree to vacate two § 924(c) convictions "because there were good reasons to revisit Holloway's excessive sentence *but no legal avenues or bases for vacating it.*" *Holloway*, 68 F. Supp.3d at 314 (emphasis added). *Holloway,* a district court opinion from outside this circuit, is not binding on this court. As the *Holloway* court recognized, its unusual post-judgment request of the government to vacate convictions was not based on any rule, statute, or other legal precedent. It is not clear to this court that it has or should have the authority to make such a request, which could call into question the court's impartiality, equal treatment among defendants, and the fairness of the process. Such a request would seek relief that Congress, in declining to make § 403 of the First Step retroactive, expressly refused to provide. It

is not within the court's purview to take justice into its own hands, untethered by the rule of law.

The court commends Tolliver's exemplary behavior and efforts at rehabilitation as he serves his sentence. For the reasons explained above, however, the court must deny Tolliver's request to reduce his sentence or seek the government's agreement to vacate his convictions (ECF No. 321).

SO ORDERED.

Dated: October 31, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 31, 2019, by electronic and/or ordinary mail and also on Ricardo Tolliver #07999-032, FCI Victorville Medium I, Federal Correctional Institution, P.O. Box 3725, Adelanto, CA 92301.

s/Barbara Radke
Deputy Clerk