# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

**UNITED STATES OF AMERICA,**

                **Plaintiff,**　　　　　　　　**No.: 2:05-cr-80369-3**

**v.**　　　　　　　　　　　　　　　　**U.S. District Judge:**
　　　　　　　　　　　　　　　　　　**George Caram Steeh**

**RICCARDO TOLLIVER,**

                **Defendant.**

---

## RENEWED MOTION TO REDUCE SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

Defendant, RICCARDO TOLLIVER, by and through his counsel, moves this Court for an order reducing his sentence and for compassionate release, pursuant to the provisions of the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), based on "extraordinary and compelling reasons." The grounds for the motion are fully set forth in the attached Memorandum of Law in Support of this Motion.

                Respectfully submitted:

                /s/ *Martin J. Beres*
                MARTIN J. BERES, (P-26407)
                Attorney for Riccardo Tolliver
                42211 Garfield Road, #146
                Clinton Township, Michigan 48038
                (586) 260-8373
                mjberes@gmail.com

DATED: **November 13, 2020**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

　　　　　　**Plaintiff,**　　　　　　　　　　**No.: 2:05-cr-80369-3**

**v.**　　　　　　　　　　　　　　　　　　**U.S. District Judge:**
　　　　　　　　　　　　　　　　　　　　**George Caram Steeh**

**RICCARDO TOLLIVER,**

　　　　　　**Defendant.**

## MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

**Facts:**

Defendant Riccardo Tolliver was charged on October 28, 2008 in a seven-count superseding information, with:

Count One, possession and transportation of firearm with obliterated serial number in interstate and foreign commerce, aiding and abetting, 18 U.S.C. §§ 922(k) and 2;

Count Two, a controlled substances conspiracy, 21 U.S.C. §§ 846 and 841(a)(1);

Count Three and Count Five charged possession with intent to distribute marijuana, aiding and abetting, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2;

2

Count Four and Count Six each charged use and carry a firearm during and in relation to a drug trafficking crime, aiding and abetting, and possession of a firearm in furtherance of a drug trafficking crime, aiding and abetting, 18 U.S.C. § 924(c) and 18 U.S.C. § 2; The mandatory minimum sentence was 5-years incarceration consecutive to the sentence on the associated drug count for Count Four. On Count Six, the mandatory-minimum was 25-years' incarceration consecutive to the associated drug count and consecutive to Count Four.

Count Seven charged Tolliver with transportation of firearms in interstate and foreign commerce, aiding and abetting drug conspiracy, 18 U.S.C. §§ 922(a) and 2. (ECF 237, Superseding Information, Pg.ID 1233-39).

**Procedural History:**

On January 5, 2009, defendant pled guilty to counts 1 through 7 of the Superseding Information pursuant to a written Rule 11 Plea Agreement (ECF 248, Plea Agreement, Pg.ID 1293). In the plea agreement, Mr. Tolliver stipulated to the facts underlying all of the counts of the information, acknowledging that he was the leader of an organization which involved illegally obtaining firearms in the United States, having the serial numbers removed, and transporting the firearms through the Eastern District of Michigan into Canada, where the firearms were exchanged for high-grade marijuana. *Id.,* Pg.ID 1298-1308. The plea agreement preserved his right to appeal and challenge the district court's ruling denying the sufficiency of the

information as to the two § 924(c) counts only (ECF 245, Order Denying Motion to Dismiss Counts 4 and 6).

On April 23, 2009, Mr. Tolliver was sentenced to total custodial term of 384 months. On Counts 1, 2, 3, 5 and 7 he was sentenced to 24 months to be served concurrently. On Count 4, he was sentenced to a mandatory-minimum term of 60 months, consecutive to Counts 2, 3, and 5 and concurrent to Counts 1 and 7. On Count 6, he was sentenced to the mandatory 300 months to be served consecutive to Counts 2, 3, 4 and 5 and concurrent to Counts 1 and 7. (ECF 278, Judgment, Pg.ID 1448-50). Following his sentence, Tolliver timely appealed to the Sixth Circuit Court of Appeals. The pretrial ruling of the district court denying his motion to dismiss Counts 4 and 6 was affirmed by an opinion entered on June 30, 2011. His petition for a writ of certiorari was denied by the Supreme Court on September 29, 2011.

On April 15, 2019, Mr. Tolliver filed a letter request for reduction of sentence under the First Step Act (ECF 321). That motion was denied by Order entered on October 31, 2019, (ECF 322).

On May 26, 2020, Mr. Tolliver filed a "Motion for Resentencing Pursuant to United States v. Carpenter, 788 Fed. Appx. 364 Dec. 19, 2019." (ECF 323). That motion remains pending. His request for appointment of counsel was granted by order entered on August 13, 2020. (ECF 325). That order directed counsel to file

4

either a Supplemental Brief or Amended Motion by 9/30/2020. On August 18, 2020, counsel herein accepted a CJA appointment and filed an appearance on behalf of Mr. Tolliver with this Court (ECF 328). The Court granted a motion to extended the filing deadline to November 16, 2020 by text order on September 21, 2020.

Mr. Tolliver requests that this Court consider this motion and memorandum and replacing and superseding his previous motion (ECF 323).

**Exhaustion under the First Step Act:**

On August 28, 2019, Mr. Tolliver sent a request to the warden of Victorville FCI, the BOP facility where he currently resides, requesting that he recommend Mr. Tolliver's compassionate release given the change in the law under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), regarding the previous mandatory stacking provisions 18 U.S.C. 924(c) (Attachments, pp. 1-5). Mr. Tolliver received a written denial of his request from Warden Jusino on February 11, 2020. On February 25, 2020, he appealed this decision to the BOP regional director which was denied on April 29, 2020. (Attachments, pp. 6-7). He submitted a request for compassionate release to the Office of the General Counsel in Washington, D.C. A response to that request has not yet been received.

The regional director's response (Attachments, p. 7). referenced the warden's prior rejection of Tolliver's RIS request based on his BOP programming and 924(c) stacking, cited the following reasons for denial:

5

"A review of your rationale for extraordinary or compelling circumstance based on programming appears not to comport with the policy. Moreover, a review of your Inmate Education Data Transcript revealed you have not been enrolled/completed an educational/rehabilitation course since September 10, 2019 and have completed 14 classes and programs. Further, you also request a compassionate release based principally on Section 403 of the First Step Act. Specifically, Section 403 eliminates the "stacking" of a 25 year sentence under 18 USC Section 924(c) for every section 924(c) conviction in the same case after the first. Now the 25 year tern, will apply only if the defendant was previously convicted and sentenced for a section 924(c) offense. However, Congress was very clear that this change "shall apply to any offense that was committed before the date of enactment of the First Step Act if a sentence for the offense has not been imposed as of such date of enactment which was on December 21, 2018. Moreover, we found this change in the law not to be a compelling circumstance."

\*     \*     \*

Based upon a review of all of the factors discussed above, there are no "exceptional and compelling circumstances" as required by the statute to recommend the Bureau make a motion before your sentencing court seeking a reduction in sentence. We concur with the Warden's response.

Based on the above, your request for Regional Administrative Remedy Appeal is denied."

Mr. Tolliver is now requesting that the Court exercise its statutory authority, grant his motion for compassionate release and/or reduction in sentence, and order his immediate release from the Victorville BOP facility where he is currently housed.

## The First Step Actof 2018, 18 USC §3582(c):

The First Step Act's compassionate release provision grants a sentencing court the power to reduce a prisoner's sentence when "(i) extraordinary and compelling reasons warrant such a reduction." The statute permits courts to modify a term of imprisonment:

6

(1) in any case -(A) ". . . the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…"

18 U.S.C. § 3582(c)(1)(A)

Mr. Tolliver's request for a RIS and the warden's denial of his request for compassionate release/reduction in sentence means that Mr. Tolliver has completed his statutory obligation for administrative exhaustion of his RIS claim under the First Step Act. See, 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam,* 960 F.3d 831, 832 (6th Cir. 2020). Indeed, Mr. Tolliver has gone far beyond the statutory requirement by appealing the warden's denial of his RIS request to both the BOP regional director and to the office of General Counsel, in Washington D.C.  He has followed all of the applicable rules, and his case is ripe for filing in this Court.  Mr. Tolliver submits this motion with citation to statutory and case law authority to demonstrate that his case provides a basis for to this Court to finding "extraordinary and compelling reasons" that warrant a reduction of his custodial sentence and his release from BOP custody.

## Statutory and Guidelines provisions applicable to a Request for Reduction in Sentence or Compassionate Release:

In order to grant Mr. Tolliver's request for compassionate release this Court must: (1) find that "extraordinary and compelling reasons" warrant a reduction in sentence; (2) whether the movant poses a danger to the community, and (3) find that

such a sentence reduction is consistent with 18 U.S.C. § 3553(a) factors and applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1). *Crider v. United States,* No. 01-81028-1, 2020 at *4 (E.D. Mich. July 28, 2020).

U.S. Sentencing Guidelines Manual § 1B1.13, is the "applicable policy statement" with which a Court must apply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

Consequently, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have 18 U.S.C. § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by 18 U.S.C. § 3142(g), and must fit within one of the four categories in U.S.S.G. § 1B.13 of the Sentencing Guidelines." *United States v. Shah,* 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted); *United States v. Murphy,* 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020). C

Congress did not define what constitutes an "extraordinary and compelling reason" warranting a reduction of a sentence under § 3582(c). Under 28 U.S.C. 994(t), that responsibility was delegated to the United States Sentencing Commission. However, when Congress amended § 3582 it was with the explicit goal of "increasing the use and transparency of compassionate release," *Id.,* § 603(b). Before the amendment, when access to the courts for 3582(C)(l)(A)(i) review depended exclusively on a BOP motion, the compassionate release statute was underutilized. See, *United States v. Beck,* 425 F.Supp. 3d 573, 587 (M.D.N.C. 2019) (the First Step Amendments to 3582 (c)(l)(A)(i), "establish that Congress wants courts to take a *de novo* look at compassionate release motions"). Recently district several courts have reasoned that the catch-all provisions limitation of "other" extraordinary and compelling reasons" as defined by the BOP is similarly inconsistent with the First Step Act. See, e.g., *United States v. Redd*, F. Supp. 3d , 2020 (E.D. Va. Mar.16, 2020); See also *United States v. Young,* No. 2:00-CR-00002-1, 2020 WL 1047815 at *6 (M.D. Tenn. Mar. 4, 2020), stating that, "Dependence on tee BOP to determine the existence of an extraordinary and compelling reason is a relic of the prior procedure that is inconsistent with the amendments implemented by the First Step Act," and *United States v. Maumau,* 2020 WL 806121 *4 (D. Utah Feb. 28, 2020) ("Under the First Step Act, it is for the court, not the Director of the

Bureau of Prisons, to determine whether there is an "extraordinary and compelling reason" to reduce a sentence."

Indeed, the First Step Act's legislative history makes clear that Congress intended to grant federal sentencing courts broad discretion to make those determinations on a case-by-case basis and to reduce fundamentally unfair sentences where such reasons exist. Recently, the Second Circuit Court has weighed in on this point and essentially confirmed the holdings of many district court cases that conclude that the First Step Act authorizes the courts not the BOP to determine whether "extraordinary and compelling reasons" exist to reduce a sentence. See, *United States v. Brooker. et. al.,* 976 F.3d 228, 236 (2nd Cir. 2020), where the Court stated", "Because Guideline § 1B1.13 is not "applicable" to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."

**The First Step Act's change on the permitting 28 U.S.C. 924(c) sentences to be stacked only if the second offense occurs after a final conviction on the first offense represents an extraordinary and compelling reason to reduce Mr. Tolliver's sentence:**

Mr. Tolliver maintains that the First Step Act's change in the calculation and stacking of § 924(c) sentences is a compelling and extraordinary reason to reduce his sentence. His sentence was based on stacking of the two § 924(c) counts (4 and 6) from the same indictment to which he pled guilty. If he were to be sentenced today

on the same § 924(c) counts to which he pled guilty, his sentence would have been significantly less because, based on the First Step Act, "§ 924(c) counts can only be stacked if the second offense occurs after a final conviction on the first offense." *United States v. O'Bryan,* 2020 WL 869475, at *1 (D. Kan. Feb. 21, 2020); *United States v. Redd,* 2020 WL 1248493, at *3 (E.D. Va. Mar. 16, 2020) ("As a practical matter, an offender now faces a mandatory five year consecutive sentence, rather than an enhanced 20 or 25 year sentence, for a second or subsequent § 924(c) conviction when multiple § 924(c) offenses are charged in the same indictment without a previous final § 924(c) conviction.").

Indeed, this Court has arrived at the same conclusion in *United States v. Baker,* 2020 WL 4696594, at *1 (E.D. Mich. Aug. 13, 2020), citing, *United States v. Brown,* 2020 WL 2091802, at *9 (S.D. Iowa Apr. 29, 2020) for the proposition that, "it is hard to argue that the manifest unfairness of keeping a man in prison for decades more than if he had committed the same crime today is neither extraordinary nor compelling." *Baker,* 2020 WL 4696594, at *3.

Numerous other district courts, in addition to *O'Bryan,* and *Redd,* concur with this Court's decision in *Baker* and have ruled likewise, finding that the First Step Act's change of previous statutory scheme requiring the stacking of § 924(c) counts in the same indictment and the resultant disparity in sentences, constitutes

11

extraordinary and compelling reasons to grant compassionate release. These include the following cases:

*United States v. Beck*, 425 F. Supp. 3d 573, 577-80 (M.D.N.C. 2019);

*United States v. Cantu*, 423 F.Supp.3d 345, 349-53 (S.D. Tex. 2019);

*United States v. Urkevitch*, 2019 WL 6037391, at *8 (D. Neb. Nov. 14, 2019);

*United States v. Maumau*, 2020 WL 806121 at *7 (D. Utah Feb. 28, 2020);

*United States v. Young*, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020);

*United States v. Decator*, 2020 WL 1676219 at *5 (D. Md. Apr. 6, 2020);

*United States v. Wade,* 2020 WL 1864906, at *6 (C.D. Cal. Apr. 13, 2020);

*United States v. Haynes,* 2020 WL 1941478, at *1 (E.D.N.Y. Apr. 22, 2020;

*United States v. Brown,* 2020 WL 2091802, at *9 (S.D. Iowa Apr. 29, 2020);

*United States v. Bryant,* 2020 WL 2085471, at *3 (D. Md. Apr. 30, 2020);

*United States v. Arey,* 2020 WL 2464796, at *3 (W.D. Va., May 13, 2020);

*United States v. Lavy*, 2020 WL 3218110 (D. Kan. June 15, 2020);

*United States v. Quinn,* 2020 WL 3275736, at *2 (N.D. Cal. June 17, 2020)

*United States v. Adeyemi,* 2020 WL 3642478, at *2 (E.D. Pa. July 6, 2020)

*United States v. Clausen,* 2020 WL 4260795, at *4 (E.D. Pa. July 24, 2020);

*United States v. Stewart*, 2020 WL 4260637 at *1 (D. Kan. July 24, 2020);

*Bellamy v. United States,* 2020 WL 4208446, at *1 (E.D. Va. July 22, 2020);

*United States v. Brown,* 2020 WL 4569289, at *1 (E.D. Wis. Aug. 7, 2020)

*United States v. Pollard,* 2020 WL 4674126, at *9 (E.D. Pa. Aug. 12, 2020);

*United States v. Baker,* 2020 WL 4696594, at *1 (E.D. Mich. Aug. 13, 2020);

*United States v. Pham,* 2020 WL 4735266, at *1 (D. Kan. Aug. 14, 2020);

*United States v. Davis,* 2020 WL 5027483, at *1 (D. Neb. Aug. 24, 2020);

*United States v. Jones,* 2020 WL 5035833, at *1 (N.D. Cal. Aug. 25, 2020).

Given the great weight of district court authority supporting his position, Mr. Tolliver urges this Court to conclude that his stacked § 924(c) sentences resulting in a mandatory 300-month consecutive sentence, constitutes extraordinary and compelling reasons within the meaning of the First Step Act and so find in consideration of his request for compassionate release.

**Mr. Tolliver will not present a threat or danger to any other person or to the community if released:**

In determining whether Mr. Tolliver's sentence should be reduced, this Court must decide whether he presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §3142(g) and USSG §1B1.13(2).

Most district courts have looked to the movant's past criminal history and institutional record while incarcerated in the BOP. Mr. Tolliver's criminal history consists of a marijuana possession for sale and transportation conviction in Arizona State Court for which he received a four-year term of probation, and several minor infractions including disorderly conduct, shoplifting, drunk driving, driving on a suspended license and failure to have a driver's license in his possession (PSR, ¶¶

13

43-61, pp. 14-17).  He has no history of assaultive behavior and has never been convicted of a crime of violence.  All of the family members who have written in his support agree that he is an overall good person, who is dependable, trustworthy, loyal (See, Attachments, pp. 14-20).

The crime for which he stands convicted while involving drugs and guns, was much different than a typical, controlled substances with § 924(c) case.  Mr. Tolliver acted as a middleman or broker in the exchange of handguns for marijuana.  He did not brandish or use the weapons in a violent or threatening way, but rather utilized them as a medium of exchange for the marijuana.

Mr. Tolliver was in pretrial detention for nearly three years prior to being sentenced to the BOP by this Court on April 23, 2009.  In the nearly 12 years he has been incarcerated in BOP facilities, he has participated in many rehabilitative programs earning numerous certifications including Coping Skills, Fitness Assessment. Cardio Endurance, Culinary Arts, Botanical Sciences, Stock Market, Computer Use, History, Aerobics, Blueprint Design, Preparing to Change, and Solar Panel Technology and Installation from Victor Valley College (See Attachments pp. 8-9, 21-26).  He has recently done volunteer teaching in the area of physical fitness and in mentoring young high-risk inmates.  Previously, Mr. Tolliver was a member of the suicide cadre at FCI McDowell, He was a unit tutor for the GED program at FCL Pekin, and was also head clerk for Chaplin Renden at the Pekin chapel.

14

Mr. Tolliver has received only one minor ticket in 2015, throughout his time in the BOP.  He has spent his time being productive as is reflected by the numerous classes completed and certificates attained.  He has also authored a dozen books, including novels, two children's books, and a history of Los Angeles' Skid Row that when published, will be distributed through various non-profit organizations in Southern California.  His hope is that this work will promote education and offer solutions to the homelessness problem. One of his books was published in 2019 ("The Darker Side of Light" A2A Publishing Company, 2019, https://www.amazon.com/Darker-Side-Light-Riccardo-Tolliver/dp/1092100415).

Much of his time in the BOP has been spent in the library researching for his various writings.  He has clearly utilized his time in prison for self-rehabilitation and to improve his own life skills and develop a desire to help others.

Mr. Tolliver has not only been remorseful about his involvement in these crimes, but he has also been humbled by the experience and the effect that it has had on his life and of his loved ones.  He has served his time with humility and discipline and has gone far beyond rehabilitation by accepting his punishment, being a model prisoner, staying virtually ticket free, and taking advantage of numerous self-improvement classes and educational programs available to him while in the BOP. He has devoted himself to helping others through his writings, mentoring. and by tutoring other inmates.

Mr. Tolliver has also stayed in touch and communicated frequently with his family members.  He has and relied on their support and encouragement, as well as his strong faith to direct him in positive ways during his times of need.  He has made significant life-changing decisions about his future and has followed through with those plans consistently over the last number of years.   Mr. Tolliver's post-conviction conduct, reformation, and rehabilitation, provides this Court with the assurance that he will not violate any trust that the Court extends by granting him compassionate release. He will not be a danger to society, or fail in his promise to this Court, that he will continue his exemplary conduct in the community when released.

**<u>Application of the 3553 factors to Mr. Tolliver support a reduction in sentence:</u>**

In the process of analysis of Mr. Tolliver's motion for compassionate release this Court must take is to consider the sentencing factors set forth in 18 U.S.C. § 3553(a), They are as follows:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

16

(C) to protect the public from further crimes of the

defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

\*       \*       \*

(5) any pertinent policy statement—

\*       \*       \*

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Mr. Tolliver will address each of these factors in turn:

**(1) the nature and circumstances of the offense and the history and characteristics of the defendant.**

As noted above, the crime for which Mr. Tolliver he stands convicted while involving drugs and guns in which he acted as a middleman or broker in the exchange of handguns for marijuana. He did not brandish or use the weapons in a violent or threatening way, but rather utilized them as a medium of exchange for the marijuana. Mr. Tolliver acknowledges that his conduct was wrong and criminal, and he deserved to be punished for his involvement.

Mr. Tolliver's criminal history, set forth above, consists of a several non-violent misdemeanors and traffic offenses for which he served probationary terms

17

and paid fines. Prior to the instant case he served no appreciable jail time (PSR, ¶¶

43-61, pp. 14-17).  He has no history of assaultive or violent behavior.

While incarcerated Mr. Tolliver has made the most optimum use of his time

in custody for his personal rehabilitation, education, self-improvement and

motivation to become a better person and commitment to be a productive citizen and

give back to the community when released.  He has outstanding family support, that

will provide him with financial assistance and, housing and job opportunities when

released.  More about this will be discussed below along with Mr. Tolliver's release

plan.

**(2) the need for the sentence imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

**(B) to afford adequate deterrence to criminal conduct;**

**(C) to protect the public from further crimes of the defendant; and**

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mr. Tolliver recognizes that he was rightly convicted of a serious crime and

that the Court had no discretion other than to imposed the mandatory consecutive §

924(c) sentence according to the law in effect at that time.  In 2018, Congress

determined that by passing § 403 of the First Step Act that the stacking of and 25

additional years on a crime charges in the same indictment under the provision of §

924(c) was overly punitive and that by virtue of the First Step Act's amendment that

this no longer represents "just punishment" for such a crime.  Congress determined that for the second § 924(c) count in the same indictment the appropriate sentence is now five (5) years, and that the stacking of a subsequent § 924(c) can only occur if the first conviction is final.  See, e.g., *United States v. Urkevitch*, 2019 WL 6037391, at *2 (D. Neb. Nov. 14, 2019).

As noted, if sentenced today, Mr. Tolliver would have received a sentence of 240 months less than his previous stacked sentence of 384-months.  As of this month (November 2020) he has served 177 months in custody (See Attachments, p. 13). The 177 months he has already served is both sufficient punishment for the crimes of conviction, and has afforded proper individual and public deterrence, and satisfies all of the goals of this Guidelines provision.  The public has been protected from any further crimes by Mr. Tolliver for his some 15-years of incarceration and the likelihood of him repeating this kind of crime is minimal, based on his exemplary conduct and rehabilitation while incarcerated.   Mr. Tolliver has enthusiastically availed himself of the treatment programs and therapeutic classes available during his time in the BOP, as is reflected in his Reentry Plan/Progress Report and certificates of completion.  See, Attachments pp. 8-9, 20-26.

**(3) the kinds of sentences available;**

A term of prison with the mandatory stacked sentences was all that was available to the Court at the time of Mr. Tolliver's original sentence in 2009.

However, under the provisions of the First Step Act this Court has discretion to fashion any appropriate sentence including ordering that a defendant be immediately released for time-served, with or without conditions.  The Court may reduce the length of a current sentence, or order that the remainder of a sentence to be served in home-confinement, and order that the new First Step Act sentences be imposed either with or without supervised release.

**(4) the kinds of sentence and the sentencing range established for—**

**(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—**

Mr. Tolliver's current sentence range under the First Step Act would require 60-month mandatory-minimum sentences on the § 924(c) counts and a 41-51-month Guidelines range on the other counts for a total of 171-months.  However, the non-§ 924(c) sentences Guidelines range was agreed to be 33-41 months in his Mr. Tolliver's Rule 11 Plea Agreement, (ECF No. 248, 1/5/09, Pg.ID 1308-09).  Consequently, with the 120-month mandatory minimum on the § 924(c) counts his effective Guidelines range is 161 months.  As noted above, the Court sentenced Mr. Tolliver to 24 months on the non § 924(c) counts.  If the Court imposed the same sentence on those counts, with his § 924(c) counts of 120 months, the resulting sentence would be 144 months.  Mr. Tolliver's time served of 177 months significantly exceeds the maximum of his Guidelines range.

**(5) any pertinent policy statement:**

U.S. Sentencing Guidelines § 1B1.13, is the "applicable policy statement" with which a Court must apply when considering Defendant's request for compassionate release.  As discussed above, § 1B1.13 requires that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons."  Mr. Tolliver will defer to his previous discussion that he does not present a danger to the community and to the court cases that have concluded that the First Step Act's amendment and § 403 regarding § 924(c) stacking qualifies as an extraordinary and compelling reason under the "other" reasons for compassionate release under U.S.S.G. § 1B1.13.

**(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:**

The advisory Guidelines and sentencing statutes are designed to avoid disparity and effect uniformity in sentencing. See, e.g., *Rita v. United States,* 551 U.S. 338, 347-50 (2007).

The First Step Act, from the date of its enactment, has created a significant disparity in the sentences for those similarly situated with Mr. Tolliver who were sentenced before December 21, 2018, and those have been sentenced after the effective date of the Act.  Mr. Tolliver has been incarcerated for almost 15 years and has served 177 months of his original 384-month sentence. If he were resentenced

today under the provisions of the First Step Act his consecutive § 924(c) sentence would have been 60 months each for a total of 120 months, instead of the 300 months he received.

As noted above, if the Court were to impose the same sentence on the other counts (Counts 1, 2, 3, 5 and 7, 24 months each concurrent; Count 4: 60 months, consecutive to Counts 2, 3 & 5 and concurrent to Counts 1 & 7), Mr. Tolliver's total sentence would have totaled 144 months instead of the 384 months he received. His time served -- excluding good time -- exceeds that term by a nearly three years. When good time is considered a sentence of 144 months would have been fully served after being in custody for about 123 months, a term he has already exceeded by 54 months.

This enormous and overly-punitive disparity of his sentence to that determined by Congress to be sufficient in the First Step Act can only be remedied by the grant of compassionate release to Mr. Tolliver. If denied compassionate release, Mr. Tolliver will have no other option but to serve the remainder of his original sentence -- another 13 years -- with a projected release date of June 25, 2033. See, https://www.bop.gov/inmateloc/ accessed November 9, 2020.

**(7) the need to provide restitution to any victims of the offense.**
This provision is inapplicable.

Mr. Tolliver maintains that all of the 18 U.S.C. § 3553(a) Guidelines factors and policy statements weigh strongly in favor of his compassionate release.

**Mr. Tolliver has family support, employment prospects, housing, and a viable release plan that he will implement if granted compassionate release:**

The several attached letters demonstrate that Mr. Tolliver has a solid support system immediately available to him upon his release from confinement, and he has carefully crafted a viable release plan for his transition from prison back into the community.

Unlike many inmates seeking RIS, Mr. Tolliver has a college education that opens many employment and career opportunities that otherwise would not be available to him.   Moreover, by completing many educational courses while incarcerated, he has diversified his skill base that has prepared him to seek employment in several areas, including business, culinary arts, physical education, creative writing, solar energy, and in construction, by obtaining certification from OSHA in construction safety and health.  He has successfully published a book while incarcerated ("The Darker Side of Light" A2A Publishing Company, 2019, https://www.amazon.com/Darker-Side-Light-Riccardo-Tolliver/dp/1092100415), and written a dozen others. He has enhanced his computer skills and has developed web-based businesses.  Mr. Tolliver is accomplished musician, formally trained and proficient in playing several instruments.  His bachelor's degree, courses of study, certifications, writing skills, business endeavors, and life experience, give him a

23

solid background to successfully achieve the goals he has established when he released from custody.

As is reflected in the attached letters, Mr. Tolliver has strong family support. This will provide him with the emotional and financial resources and guidance necessary during his transitional/readjustment period back into society. He has housing available, financial support, employment prospects, and several business and educational opportunities available to him when he is released. A family friend Mr. Kevin Lewis, the Vice president of Complete Building Maintenance in Cincinnati, Ohio, has offered him a job immediately upon his release from prison. He will take advantage of this employment opportunity upon release which will provide him with income and health insurance.

He has guidance and counselling available to him through associations he has made through a prison ministry that will promote his spiritual and emotional well-being, as well as provide counsel and advice in any entrepreneurial endeavors he chooses to undertake (See, Attachments, p. 14). If anything, Mr. Tolliver will have the most difficulty choosing from the many options he has available to him. Whatever career path he does choose, he will have all ample support and be well-positioned to succeed. He is quite sincere and motivated to experience freedom, move on to a new life in the community, and use each day to become a better person.

24

If this Court were to grant this motion upon release, Mr. Tolliver would live at 859 W. North Bend Road, 209, Cincinnati, Ohio 45224 with his grandmother, Ms. Lillian K. Byers, who will provide him with housing and support.  He will have transportation available to him.  When released, he will self-quarantine for 14 Days at a separate location, to ensure that there will be no potential for transmitting any virus to family members, out of an abundance of caution, even though he has never tested positive for the COVID-19 virus.

In addition to being employed, Mr. Tolliver intends to pursue his education further by obtaining an MBA in international business at the University of Cincinnati.  Mr. Tolliver is aware of and will take advantage of the several reentry and support organizations and programs available to him, designed to assist prisoners during their transitional period (See, Attachments, p. 17).

He will also volunteer as a mentor in the Cincinnati area, utilizing his story and life experiences in an effort to deter criminal behavior by at-risk youth. He will endeavor to help young people grow self-esteem and engage in strategic decision making, and assist them to develop viable pathways to success through positive thinking.

## **Conclusion and Relief Requested**

Mr. Tolliver respectfully requests that this Court exercise its discretion, compassion, and mercy, and for the reasons more fully set forth in this renewed motion and brief, supported by the attached exhibits, requests that this Court, grant him a reduction in his sentence based on extraordinary and compelling reasons and order that Mr. Tolliver be released from BOP custody immediately.

Respectfully submitted:

/s/ *Martin J. Beres*
MARTIN J. BERES, (P-26407)
Attorney for Riccardo Tolliver
42211 Garfield Road, #146
Clinton Township, Michigan 48038
(586) 260-8373
mjberes@gmail.com

DATED: **November 13, 2020**

## **CERTIFICATE OF SERVICE**

I certify that on **November 13, 2020,** the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record. Paper copies have been served by U.S. Mail to parties not registered in the CM/ECF system, on this date.

Respectfully submitted:

/s/ *Martin J. Beres*
MARTIN J. BERES, (P-26407)
Attorney for Riccardo Tolliver
42211 Garfield Road, #146
Clinton Township, Michigan 48038
(586) 260-8373
mjberes@gmail.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**RICCARDO TOLLIVER,**

        **Defendant.**

**No.: 2:05-cr-80369-3**

**U.S. District Judge:**
**George Caram Steeh**

---

## ATTACHMENTS TO

## RENEWED MOTION TO REDUCE SENTENCE
## PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)

1. Riccardo Tolliver's #07999-032, Request for Administrative Remedy (Compassionate Release) dated August 28, 2019, with attached letter, stamped received September 11, 2019……………………………...…………………..1-3

2. Receipt and Response Memorandum from Warden E. Derr, acknowledging receipt of Riccardo Tolliver's Request for Administrative Remedy, dated September 27, 2019……………………………………...………………...…………4-5

3. Riccardo Tolliver's #07999-032, Regional Administrative Remedy Appeal, dated February 25, 2020, stamped received on March 23, 2020…………………...…..6

4. Response to Riccardo Tolliver's #07999-032, Regional Administrative Remedy Appeal, dated April 29, 2020, concurring with the Warden's denial of request for compassionate release…..………………………………………………………..7

5. Riccardo Tolliver's BOP Reentry Plan/Progress Report, dated August 10, 2018…………………………………………………………………………..8-11

6. Riccardo Tolliver's BOP Disciplinary Record, dated August 25, 2020………..12

i

7. Riccardo Tolliver's BOP Sentence Calculation Sheet, dated August 25, 2020…………………………………………………………………………………….13

8. Letter of support from Domita White, dated September 17, 2020……………..14

9. Letter of support from Lilian Byers, grandmother, dated September 21, 2020………………………………………………………………………………....15-16

10. Letter of support from Gwendolyn Tolliver, mother, dated October 1, 2020……………………………………………………………………………………17

11. Letter of support from Phyllis Willis, aunt, dated October 5, 2020…………..18

12. Letter of support from Erin Willis, cousin, dated October 5, 2020…………...19

13. Letter of support from Darrell Willis, cousin, dated October 5, 2020………..20

14. Certificate of Completion: Coping Skills, dated September 16, 2020………..21

15. Certificate of Completion: Fitness Assessment, dated May 31, 2020………...22

16. Certificate of Completion: Cardio Endurance, dated June 28, 2020…………23

17. Certificate of Completion: Solar Photovoltalc Installation, dated September 10, 2020..……………………………………………………………………………...24

18. Certification: OSHA Construction Safety and Health, dated May 16, 2019….25

19. Certificate of Completion: Preparing to Change, dated October 2, 2020……..26

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: TOLLIVER   RICCARDO                07999-032        D-1          VIM MED I
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**  I WOULD LIKE TO FORMALLY REQUEST COMPASSIONATE RELEASE UNDER THE COMPASSIONATE RELEASE STATUTE 3582(c)(1)(A). I am MAKING THIS REQUEST IN LIGHT OF THE FIRST -STEP ACT, WHICH HAS SINCE ELIMINATED THE STACKING PROVISION OF THE 924(c) STATUTE FOR WHICH I WAS CONVICTED. I WOULD LIKE TO MAKE THIS HUMBLE REQUEST DUE TO EXTRAORDINARY AND COMPELL-ING REASONS FOR WHICH I HAVE PROVIDED IN THE FOLLOWING ATTACHMENT. I WOULD ONLY ASK THAT YOU UTILIZE THE AUTHORITY GIVEN TO YOU TO CORRECT AN EGREGIOUS WRONG AND ALLOW MY SENTENCE TO BE REDUCED TO TIME SERVED AS THIS WOULD ALLOW TRUE JUSTICE TO BE SERVED. PLEASE SEE ATTACHMENT (A).

7-24-2019   Resubmitted 8/28/19
_____                        _____
DATE                                   SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
SEP 11 2019
BY: 987405-F2

RECEIVED
AUG 02 2019
BY:

_____                        _____
DATE                                   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 987405-F1

                                      CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____                        _____
DATE                                   RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN        ✪ PRINTED ON RECYCLED PAPER        001        BP-229(13)
                                             APRIL 1982

MEMORANDUM OF RECORD
Riccardo Tolliver
# 07999-032
Unit: D-L

Continuance:

To: Warden Swain

Dear Warden:

I am writing this letter to officially request compassionate release under The Compassionate Release Statute 3582 (c)(1(A)(i) in light of The First Step Act for extraordinary and compelling reasons. This power is well within the Warden's authority and legal right. I was arrested in 2006 for Marijiuana possession and two 924(c) violations. In April of 2009 I was sentenced to 32 years, 30 of which came from the "Stacking" provision of the 924(c)_ statute. This involved possession of a firearm during a drug trafficking crime. My crimes were non-violent and occurred while I was living in Toronto, Ontario, Canada. I have no violence on my record and no felony convictions. I have maintained a remarkable institutional record and participated and completed many rehabilitative programs including at-risk fitness training, culinary arts, bule print reading, botanical sciences, and I am currently enrolled in the solar panel VT class. I have also received my OSHA certification while at this institution. In addition to the aforementioned, I published my first novel in May of 2019, entitled "The Darker Side of Light," and I plan to publish many more in the near future. In December of 2018 President Trump signed into effect The First Step Act. This legislature has now eliminated the "Stacking" provision of the 924(c) statute. Making it illegal to impose the mandatory minimum of 25 years consecutively to all my other charges. This draconian use of harsh sentencing has finally been recognized by Congress as being both unjust and misused.

The U.S. Sentencing Commission's 2011 report verified that the "Stacking" provision has been continuously and disproportionately against blacks more than any other ethnic group. Had I been sentenced today I would have only received a sentence of 7 years. This unjust and unfair sentencing has been recognized by Congress and despite the fact the newly enacted provision is not retroactive, the Warden of my institution has the ability to use their power to correct a wrong and replace an unfair sentence with a just one. I would only ask that you look beyond the inmate, and see a man who has more than paid his debt to society, and is in no way a threat to any community.

RECEIVED
SEP 11 2019
BY: 987405-F2

RECEIVED
AUG 02 2019
BY 987405-FI

002

I believe I have proven my ability to function well within the laws of this land.
I would only ask that you use the power bestowed upon you to correct a wrong and
grant justice and allow my life to be restored.

Many people feel that this request is a waste of time as most believe that this
request will be lost or ignored, but I do not. I thank you for your time and
greatly appreciate your consideration.


Respectfully submitted,

Sincerely,





003

RECEIPT - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 27, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      VICTORVILLE MED I FCI

TO  : RICCARDO TOLLIVER, 07999-032
      VICTORVILLE MED I FCI     UNT: D1/2     QTR: D01-126L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID        : 987405-F2
DATE RECEIVED    : SEPTEMBER 11, 2019
RESPONSE DUE     : OCTOBER 1, 2019
SUBJECT 1        : REDUCTION-IN-SENTENCE REQUEST
SUBJECT 2        :

004

**REQUEST FOR ADMINISTRATIVE REMEDY**
**CASE NO.: 987405-F2**

This is in response to your Request for Administrative Remedy
received in this office on September 11, 2019.  In your request,
it appears you have made a request for Reduction in Sentence as
required under Program Statement 5050.50, <u>Compassionate
Release/Reduction in Sentence: Procedures for Implementation of
18 U.S.C. §§ 3582 and 4205(g)</u>.

Depending on the grounds you are asserting, additional
information may be required.  Your request is presently under
review and will be given full consideration based on the
information you provided.  A response to your request will be
forthcoming.

Accordingly, this response to your Request for Administrative
Remedy is for informational purposes only.  If you are
dissatisfied with this response, your appeal must be received
by the Regional Administrative Remedy Coordinator, Federal
Bureau of Prisons, Western Regional Office, 7338 Shoreline
Drive, Stockton, CA 95219, within twenty (20) calendar days
from the date of this response.


_____                    9-27-19
E. Derr, Acting Warden                       Date


005

U.S. Department of Justice    Case 1:05-cr-80369-GCS-PJK   ECF No. 330   PageID.1089   Filed 11/13/20   Page 34 of 54   **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: ___Tolliver  Riccardo D.___ ___07999032___ ___DL___ ___FCI #1 Victor___
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL** RE: Administrative Remedy 987405-F2
The First Step Act was signed into law December 2018. This bill changed the
requirements for Compassionate Release requests. Factors that should be considered
are Nature of offense, Disciplinary Infractions, Release plan and safety of the
community. I made a request for compassionate release to Warden T. Jusino
which she denied. According to my sentencing Jude George Caram Steeh I have maintained
an "exemplary Institutional record" having completed many rehabilitative programs
and No Infractions. Warden Jusino did not comply with P.S. 5050.50 in evaluating
my request. My records were not reviewed by her or her staff as her response was a
cut and paste response from another Inmate. Gasquay Remedy no. 996518-F2)
who is my neighbor. She filed false statements Including me having made several motions
to the court for First Step Act relief. She also stated that my former attorney is in
Texas when my attorney is in Michigan. I would ask that this appeal be granted due to
this high level of negligence, and my request be evaluated by a third party. Please
read attachments.

___2/25/2020___                              [signature]
       DATE                                  SIGNATURE OF REQUESTER

**Part B - RESPONSE**

MAR 2 3 2020

_____                    _____
     DATE                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _987405(R)_

**Part C - RECEIPT**                CASE NUMBER: _____

Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.    UNIT     INSTITUTION
SUBJECT: _____

_____                    _____
     DATE                          SIGNATURE, RECIPIENT OF REGIONAL APPEAL    006

987405-R1
FCI Victorville

This is in response to your Regional Administrative Remedy of the Warden's decision dated February 11, 2020. You are requesting a reduction in sentence (RIS) / compassionate release based extraordinary or compelling circumstances based on revisions under the First Step Act of 2018. Specifically, you request a reduction in sentence / compassionate release based on sentencing matters, programming and rehabilitation.

A thorough review of your request was completed. Utilizing Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. 3582(c)(1)(A) and 4205(g), dated January 17, 2019. A reduction in sentence / compassionate release may include the following, extraordinary or compelling circumstances, medical circumstances, elderly non-medical circumstances, death or incapacitation of a family member caregiver, or incapacitation of a spouse or partner. A review of your rationale for extraordinary or compelling circumstance based on programming appears not to comport with the policy. Moreover, a review of your Inmate Education Data Transcript revealed you have not been enrolled/completed an educational/rehabilitation course since September 10, 2019 and have completed 14 classes and programs. Further, you also request a compassionate release based principally on Section 403 of the First Step Act. Specifically, Section 403 eliminates the "stacking" of a 25 year sentence under 18 USC Section 924(c) for every section 924 (c) conviction in the same case after the first. Now the 25 year term will apply only if the defendant was previously convicted and sentenced for a section 924 (c) offense. However, Congress was very clear that this change "shall apply to any offense that was committed before the date of enactment of the First Step Act if a sentence for the offense has not been imposed as of such date of enactment which was on December 21, 2018. Moreover, we found this change in the law not to be a compelling circumstance. Please contact your attorneys if you feel you may be due some other form of judicial relief from your sentence. Finally, the Factors and Evaluation of Circumstances in RIS Requests as delineated in Program Statement 5050.50 were reviewed as evidenced by the Warden's denial of your request.

Based upon a review of all of the factors discussed above, there are no "exceptional and compelling circumstances" as required by the statute to recommend the Bureau make a motion before your sentencing court seeking a reduction in sentence. We concur with the Warden's response.

Based on the above, your request for Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of the General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

4/29/2020
Date

Gene Beasley, Regional Director

007



## Summary Reentry Plan - Progress Report
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: TOLLIVER, RICCARDO  07999-032

SEQUENCE: 00057067
Report Date: 08-10-2018



| | |
|---|---|
| Facility: | LEX LEXINGTON FMC |
| Name: | TOLLIVER, RICCARDO |
| Register No.: | **07999-032** |
| Quarters: | Z02-122LAD |
| Age: | 42 |
| Date of Birth: | 03-27-1976 |

| | |
|---|---|
| Custody Level: | IN |
| Security Level: | LOW |
| Proj. Rel Date: | 12-24-2033 |
| Release Method: | GCT REL |
| DNA Status: | PEK03028 / 05-27-2009 |

### Contact Information

**Release contact & address**
PHYLLIS  WILLIS, AUNT
3629 SOLAR VISTA PLACE, CINCINNATI, OH
45213 US
phone (home) : 513-631-3690

### Offenses and Sentences Imposed

| Charge | Terms In Effect |
|---|---|
| 18:922(K),2-POSSESSION AND TRANSPORTATION OF F/A W/OBLITERATED SERIAL NUMBER IN INTERSTATE AND FOREIGN COMMERCE,AID/ABET,CT. 1SSSS;21:846,841(A)(1)-CPWITD CNTRL SUBS,CT.2SSSS;21:841(A)(1) 18:2-PWITD CNTRL SUBS,CTS.3,5SSSS;18:922(A)(1)(A),18:2-TRANS OF F/A IN INTERSTATE/FOREIGN COMMERCE,AID/ABET,CTS.7SSSS. | 24 MONTHS |
| 18:924(C),18:2-USING AND CARRYING A F/A DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME,AID/ABETT AND POSSESSING A F/A IN FURTHERANCE OF A DRUG TRAFFICKING CRIM,AID/ABETT, CTS.4SSSS, 6SSSS | 360 MONTHS |

Date Sentence Computation Began:      04-23-2009

Sentencing District:      MICHIGAN, EASTERN DISTRICT

| Days FSGT / WSGT / DGCT | Days GCT or EGT / SGT | Time Served | + Jail Credit  - InOp Time |
|---|---|---|---|
| 0 /    0 /    0 | 648 | Years: 12 Months: 6 Days: 8 | + 1171    JC  - 0     InOp |

### Detainers

| Detaining Agency | Remarks |
|---|---|
| NO DETAINER | |

### Program Plans

During this term of incarceration, Inmate Tolliver was tasked with maintaining clear conduct and finding educational, vocational, mental health programming that fit his individual needs.  He was given guidance on how to set and reach these goals from his unit team and was referred to any programs that were relevant to his interests.

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| LEX | DETENTION | INMATES HOUSED IN SHU | 08-11-2018 |

### Work Assignment Summary

During this term of incarceration, he has worked in the food service area, the recreation area,  as well as working as an orderly on a housing unit. He has maintained satisfactory work reports and has not received any incident reports related to his work performance. He completed a Culinary Arts VT program and worked in Culinary Arts during his time in the program.

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| LEX | ESL HAS | ENGLISH PROFICIENT | 05-26-2009 |
| LEX | GED HAS | COMPLETED GED OR HS DIPLOMA | 07-16-2009 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| LEX M | C | MANAGE 1ST CUL ARTS VT RPP 2 | 10-11-2017 | 01-08-2018 |
| LEX M | C | GREENHOUSE 12:30-3:30 RPP2 | 05-03-2017 | 07-14-2017 |
| LEX M | C | STEP AEROBICS, AT RISK | 07-17-2016 | 10-14-2016 |

008



## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: TOLLIVER, RICCARDO 07999-032

SEQUENCE: 00057067
Report Date: 08-10-2018

| SubFacl | Action | Description | Start | Stop |
|---------|--------|-------------|-------|------|
| BEC | C | VT BLUEPRINT READING 730-1030 | 08-22-2013 | 11-06-2013 |
| MCD | C | STOCK MARKET | 10-11-2011 | 11-21-2011 |
| MCD | C | BEGINNING GUITAR | 08-17-2011 | 10-17-2011 |
| MCD | C | INTRO TO COMPUTER USAGE | 05-18-2011 | 06-27-2011 |
| PEK | C | VOCABULARY BUILDING | 01-26-2010 | 03-02-2010 |
| PEK | C | AFRICAN HISTORY-ACE | 01-28-2010 | 03-04-2010 |
| PEK | C | MANUSCRIPT ACE CLASS | 01-27-2010 | 03-03-2010 |
| PEK | C | INTRODUCTORY BARBERS TRAINING | 07-15-2009 | 07-19-2009 |

### Education Information Summary

He has completed several programs during this term of incarceration and made good use of his time. He completed an intensive vocational training program in Culinary Arts.

### Discipline Reports

| Hearing Date | Prohibited Acts |
|--------------|-----------------|
| 10-26-2015 | 305 : POSSESSING UNAUTHORIZED ITEM |

### Discipline Summary

On October 26, 2015, he was found guilty by the Unit Disciplinary Committee of a code 305, Possessing an Unauthorized Item. He admitted to being in possession of pornography.

### ARS Assignments

| Facl | Assignment | Reason | Start | Stop |
|------|-----------|--------|-------|------|
| LEX M | A-DES | TRANSFER RECEIVED | 06-10-2014 | CURRENT |
| BEC | A-DES | TRANSFER RECEIVED | 05-09-2013 | 06-10-2014 |
| MCD | A-DES | OTHER AUTH ABSENCE RETURN | 10-23-2012 | 05-09-2013 |
| MCD | A-DES | OTHER AUTH ABSENCE RETURN | 08-10-2012 | 10-23-2012 |
| MCD | A-DES | OTHER AUTH ABSENCE RETURN | 02-16-2012 | 08-10-2012 |
| MCD | A-DES | TRANSFER RECEIVED | 04-21-2011 | 02-16-2012 |
| PEK | A-DES | US DISTRICT COURT COMMITMENT | 05-22-2009 | 04-19-2011 |

### Current Care Assignments

| Assignment | Description | Start |
|-----------|-------------|-------|
| CARE1-MH | CARE1-MENTAL HEALTH | 06-23-2010 |
| CARE2 | STABLE, CHRONIC CARE | 05-23-2015 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|-----------|-------------|-------|
| LOWER BUNK | LOWER BUNK REQUIRED | 06-08-2018 |
| NO PAPER | NO PAPER MEDICAL RECORD | 06-11-2014 |
| REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 05-16-2016 |
| YES F/S | CLEARED FOR FOOD SERVICE | 06-11-2014 |

### Current PTP Assignments

| Assignment | Description | Start |
|-----------|-------------|-------|
| NO ASSIGNMENTS | | |

### Current Drug Assignments

| Assignment | Description | Start |
|-----------|-------------|-------|
| ED COMP | DRUG EDUCATION COMPLETE | 08-21-2009 |

### Physical and Mental Health Summary

Information regarding his physical and mental health can be obtained in his Medical Exit Summary.

### FRP Details

Most Recent Payment Plan



## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: TOLLIVER, RICCARDO  07999-032

SEQUENCE: 00057067
Report Date: 08-10-2018

**Most Recent Payment Plan**

**FRP Assignment:**     **NO OBLG**     **FINANC RESP-NO**                    **Start: 06-25-2014**

Payments past 6 months:      **$0.00**                Obligation Balance: **$0.00**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|-----|------|--------|---------|---------|--------|
| 1 | ASSMT | $700.00 | $125.00 | IMMEDIATE | EXPIRED |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

**Financial Responsibility Summary**

He has no Financial Responsibility Program obligations.

**Release Planning**

He is serving a 384 month sentence with a 3 year term of supervision to follow.  He is applying for commutation of sentence.  If approved, he has submitted a release plan in which he states he will reside with his mother at an address that is in his sentencing district.

**General Comments**

You must report in person to the United States Probation Office within 72 hours of release.

010



**Summary Reentry Plan - Progress Report**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: TOLLIVER, RICCARDO- 07999-032

SEQUENCE: 00057067
Report Date: 08-10-2018

Name: TOLLIVER, RICCARDO
Register Num: **07999-032**
Age: 42
Date of Birth: 03-27-1976
DNA Status: PEK03028 / 05-27-2009

Inmate   (TOLLIVER, RICCARDO, Register Num: 07999-032)

Date   8/10/18

Chairperson
Date   8-15-18

Case Manager   John P. Williams
Date   8-10-18

Summary Reentry Plan - Progress Report

Page 4 of 4

```
VVME0           *        INMATE DISCIPLINE DATA          *      08-25-2020
PAGE 001 OF 001 *     CHRONOLOGICAL DISCIPLINARY RECORD    *      09:40:08

REGISTER NO: 07999-032 NAME..: TOLLIVER, RICCARDO
FUNCTION...: PRT        FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 08-25-2020
-----------------------------------------------------------------------
REPORT NUMBER/STATUS.: 2774506 - SANCTIONED INCIDENT DATE/TIME: 10-21-2015 0930
UDC HEARING DATE/TIME: 10-26-2015 1545
FACL/UDC/CHAIRPERSON.: LEX/YOU GP/HALL
REPORT REMARKS.......: INMATE ADMITTED GUILT.
    305  POSSESSING UNAUTHORIZED ITEM - FREQ: 1
         LP EMAIL   / 15 DAYS / CS
         COMP:    LAW:   15 DAYS LOSS OF EMAIL
```

```
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

012

```
VIM06          *        PUBLIC INFORMATION        *        08-25-2020
PAGE 004 OF 004 *            INMATE DATA          *        09:37:19
                         AS OF 08-25-2020
```

REGNO..: 07999-032 NAME: TOLLIVER, RICCARDO

```
                    RESP OF: VIM
                    PHONE..: 760-246-2400   FAX: 760-246-2461
TOTAL PRIOR CREDIT TIME.........: 1171
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1687
TOTAL GCT EARNED................: 756
STATUTORY RELEASE DATE PROJECTED: 06-25-2033
ELDERLY OFFENDER TWO THIRDS DATE: 06-09-2027
EXPIRATION FULL TERM DATE.......: 02-06-2038
TIME SERVED.....................:    14 YEARS      6 MONTHS      19 DAYS
PERCENTAGE OF FULL TERM SERVED..: 45.4
PERCENT OF STATUTORY TERM SERVED: 53.1


PROJECTED SATISFACTION DATE.....: 06-25-2033
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

013

# THE STONES WILL CRY OUT

September 17, 2020

The Honorable Judge George Caram Steeh
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 1067
Detroit, MI 48226

### Re: Character Reference Letter for RICCARDO  TOLLIVER #07999-032

Dear Honorable Judge George Caram Steeh,

I write this letter to you on behalf of Riccardo Tolliver, who is currently serving time at FCI Victorville Medium I. I am the owner of Aspire 2 Acquire which is a mentoring program for youth. I am also an advocate for the Epilepsy community. I have known Mr. Tolliver for more than four years through a prison ministry called The Stones Will Cry Out.

I wholeheartedly support Mr. Tolliver's quest for freedom. He has expressed intense regret for his transgressions. I have seen the transformation in him in how he has dedicated himself to engage in constructive classes in order to build his character and his future. He has exemplified a very keen interest in giving back to society and in making a difference in the lives of those that he has helped. He has educated me on the issues regarding 924(c) and the importance of criminal justice reform. He has also been a pillar of strength to me as I recently had been going through an extremely difficult period in my life. He has become a very valuable person not only to numerous incarcerated men, but as well as to the undersigned of this letter. The gratitude that I have for him is beyond words.

Mr. Tolliver has been and continues to be involved in numerous programs that have assisted in his renewed development and transitional capabilities. Throughout his incarceration, Mr. Tolliver has put to use his academic prowess from the B.A. in History that he received from Wright State University in Dayton, Ohio by spending the majority of his time in the law library. He has also impressively written numerous novels and has successfully published a book. Riccardo is also the co-owner of several patents in the field of automotive engineering and he also created and developed web-based businesses. It is his mission to have other incarcerated individuals under his tutelage to provide guidance and to also influence others in order to reduce anti-criminal behavior.

Mr. Tolliver has expressed remorse for what he has done and is fully accountable for the consequences of his actions. In the short period of time that I have come to know Mr. Tolliver, the offense for which he is serving time just seems so out of character for the intelligent, articulate and humble person that he has become, and that I've come to know.

When Mr. Tolliver is released, I am willing to continue our frequent conversations, and offer my time to help him problem solve. I will continue to provide guidance to help him reach his goals. I am also equipped to help with resume writing and also guide him through the entrepreneurial process.

Mr. Tolliver would be such a valuable asset to my organization and to the youth that it serves. I would be honored to have him on board as a mentor and as a valuable pillar to our society, which is a testament of his genuine transformation. I honestly believe that if given the chance,  Mr. Tolliver  will not disappoint you, his family, himself, and most importantly, God.

Sincerely yours,


Domita White

Home (1)

Lillian Byers
859 North Bend Rd apt 207
Cincinnati, OH. 45224

**Lillian Byers**
P.O. Box 31415
Cincinnati, OH  45231

9/21/20 2

the Honorable Judge:

Dear Sir:
          I am the Grand Mother
of RICCARDs Tell he Regt# 07999031
Case no. 05-80369
some time act as Mother His best
Friend. some time Father. he
had no Father growing up. he
did have a Big Brother which
he pass away 2 years ago he
Would Visit Him when he
was close to home. Cancer.
took him away from Mr. RICCARDo
he had a hard time in his
Child Hood. he Had no family
on his Father side, When He
did reach out for help, He
Rejected Him. after all of
that He put his self through
High school & college 4 year Degree
of Bachelor of arts. aug 19th
Nineteen Hundred and Ninety Nine
from Wright State university
your Honorable Judge he have no
money for his cap & gown
it was borrow from a friend
He also has a Musical back ground
ground

015

Sir. If you can find it in your
Heart. He need some one to
have Compassion on Him.
please let me get to see him
one more time my Doctor says
I will be gone you all this
Dec.. But God says I will
be 87 in the half of God
please have mercy please Help.
Him. I cant Bless you but I
can ask God to Bless you and
your family.

A Grand Mother full
of clemence pleading tearfully
for Justice & that he Be
Dismissed. appealing for
mercy to allow "tompsters" chance
mercy that her persecuted.
Will soon end
to God Bethe Glory I will
Not give up on faith.

Thank you Sincerely!
Lillian Byer

10/1/2020

Gwendolyn Tolliver
1812 Waltham Ave
Cincinnati, OH 45239

The Honorable Judge George C. Steeh
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
5th Floor
Detroit, Michigan  48226

Honorable Judge George Steeh:

I'm writing you concerning my son Riccardo Tolliver (07999032) who is appealing to the court for resentencing this fall (Case No. 05-80369 ).  I don't believe in excuses and I'm sure Riccardo would feel the same, however, I would like to appeal to your sense of fairness.  I've learned the punishment for Riccardo's offense, if sentenced today, would mean significantly less time in prison; he has served more time than some with more serious offences.

I just retired from General Electric and will do everything in my power to support him and help him integrate back into society.  I have a friend, Kevin Lewis, Vice President of Complete Building Maintenance, who has offered him employment (contact information 513-708-2793; 4412 Yakima Ct., Cincinnati, OH 45236).  In Cincinnati there is also the Center for Employment Opportunities (CEO) that offers employment for those recently incarcerated to help them get back into the workforce.  Additionally, due to Covid-19, the state of Ohio has initiated a training program offering 71 industry-recognized micro-credentials (55 of which are offered on-line) from leading Universities, including the University of Cincinnati.  Ohio pays the provider upon completion.

I also would like you to know that Riccardo Tolliver is a life and soul worth saving.  During his incarceration he has written several books and has taken several courses offered in prison.  He also has never been in trouble in all these years.  They shipped him all the way to California a few years ago, further separating him from his family, but he has kept his spirits high. Throughout his life, he has been ambitious, sociable and well-liked and hopes to continue his love of music, writing and updating his computer skills and interests.

Sincerely,

Gwendolyn Tolliver

017

Phyllis Willis
859 W. North Bend Rd., #212
Cincinnati, Ohio 45224


October 5, 2020


The Honorable George Caram Steeh
Theodore Levin U.S. Courthouse
231 W. LaFayette Blvd., 5th Floor
Detroit, MI 48226

      Re: Case# 05-80369
         Riccardo Tolliver

The Honorable George Caram Steeh:

Riccardo Tolliver is my nephew. He lived with me from time to time when his mother was having some difficulty. Due to some of her difficulties, I later learned that Riccardo sometimes was given the decision to choose between a toy and food. When left up to a child, the best decision won't always be made without some prior guidance. The family did their best to help with guidance.

His mother did, however, stress education and involvement in cultural activities. He attended the Cincinnati Conservatory of Music where he learned to play the piano and also participated in community plays as a young child. The family was so proud of him when he graduated from Wright State University with his Bachelor's Degree in Business Administration, as he was the first college graduate among his cousins. We were also very disappointed with the poor choices he made that caused him incarceration.

I have always kept in touch with Riccardo by phone, writing and visiting him when he was in the Lexington facility. He often expressed to me his regrets for the poor choices that he made; however, he also accepts responsibility for those choices. I believe he has served his time without incident. He is a praying man and request prayers from others. He loves his family and friends very much. We love him as well. He is very friendly and approachable, intelligent and very willing to help others. He is also a talented writer.

He will have strong support of his family and friends to help him when he returns home.

I sincerely hope the court takes this letter into consideration for his re-sentencing.

Sincerely,

*Phyllis Willis*

Phyllis Willis

018

Erin Willis
1904 Summerchase Dr.
Duluth, GA 30096

October 5, 2020

The Honorable George Caram Steeh
Theodore Levin U.S. Courthouse
231 W. LaFayette Blvd., 5th Floor
Detroit, MI  48226

> Re:  Case# 05-80369
> Riccardo Tolliver

The Honorable George Caram Steeh:

I have known Riccardo Tolliver since we were young as he is my first cousin.  He has always been my closest and favorite.  We pretty much grew up together.  I remember him staying with us when his home life wasn't so great.  He is intelligent, funny, and can befriend anyone he meets.  Although we haven't spoken in a while, he has been in my thoughts and prayers.  I am a new mother now and I would love for my son to meet his cousin.  I feel that he has served his time and regrets the choices that he made.  Upon his release, he will have strong support of his family and friends to help him when he returns home.

It is my sincere hope the court takes this letter into consideration.

Sincerely,

*Erin Willis*

Erin Willis

**Darrell J Willis**
**8369 Shady Elm Drive**
**Cordova, TN 38018**


October 7th, 2020


The Honorable George Caram Steeh
Theodore Levin U.S. Courthouse
231 W. LaFayette Blvd., 5th Floor
Detroit, MI  48226

      Re:  Case# 05-80369
           Riccardo Tolliver

The Honorable George Caram Steeh:

Riccardo Tolliver is my first cousin and when we were younger, my mom took on the responsibility of raising him due to his dysfunctional household. We have a small immediate family and while living with us, he was the brother I never had. My cousin is very smart and can do so much more with his life. I attended the same college as him a year later after he started, and he helped me adapt to college life making it more bearable my first year. He had a lot of friends, and we hung out as well from time to time. I have not spoken to Ricci in quite some time, but I believe second chances are important to re-evaluate what state your life is at currently and where it can go if a new path and slate are given. I am a recent stage 2 cancer survivor, and my fight could have gone a different direction, but once declared cancer free, my life was given a different perspective to do more and be more. Life is short, and change can reestablish a person's character to be a better person. I was given that second chance, and I feel that the time my cousin served has been enough time to reestablish his character to make better choices and be a better person. Upon his release, it would be nice to reestablish a closer relationship with my cousin and offer him the same type of strong family support I had that got me through that tough time.

I sincerely hope the court takes this letter into consideration.

Sincerely,


Darrell J Willis

020

### *Federal Correctional Complex*
*Victorville, CA*



# Certificate of Completion

*presented to*



*Riccardo Tolliver*

*for successful completion of the 10 hour self-study course*
*through FCC Victorville Psychology Services*

## *Turning Point Module: Coping Skills*

*September 16, 2020*



_____

Dr. Sugleris, Staff Psychologist



# Certificate of Completion

## The Recreation Department at FCC Victorville, CA

## Would Like to Congratulate:

### Riccardo Tolliver

#### For Completing The Class Of:

### FITNESS ASSESSMENT



_U. Nwosu_

**U. Nwosu - Recreation Specialist**

_05/31/20_

**Date**

022



# Certificate of Completion

## The Recreation Department at FCC Victorville, CA

## Would Like to Congratulate:

### *Riccardo Tolliver*

**For Completing The Class Of:**

*Cardio Endurance*



*U. Nwosu*

**U. Nwosu - Recreation Specialist**

06/28/20

**Date**

023

# Victor Valley College

In accordance with standards of educational excellence put forth by
Victor Valley College, the institution does hereby grant this
Certificate of Completion to

## Riccardo Tolliver

concerning all phases of programmatic instruction for

### Solar Photovoltaic Installation

Granted this 10th day of September in the year 2019

_____

Bruce Painter
Contract Education Program Instructor

024



## Federal Correctional Complex
Victorville, CA



# Certificate of Completion

*presented to*



*for successful completion of the 10 hour self-study course*
*through FCC Victorville Psychology Services*

## Turning Point Module: Preparing to Change

*October 2, 2020*

Dr. Sugleris, Staff Psychologist

026