UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 05-80369

    Hon. George Caram Steeh

RICCARDO TOLLIVER,

    Defendant.
_____/

OPINION AND ORDER GRANTING MOTION
FOR REDUCTION IN SENTENCE (ECF NO. 330)

Defendant Riccardo Tolliver moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c). For the reasons explained below, Tolliver's motion is granted.

BACKGROUND FACTS

On behalf of Canadian marijuana traffickers, Tolliver orchestrated the purchase of firearms with obliterated serial numbers in the United States in exchange for marijuana. He served as the middleman for two exchanges, directing the transactions and supplying cash and transportation expenses. He was charged in a superseding information with the following offenses: Count 1, possession and transportation of a firearm with an obliterated serial number in interstate and foreign commerce, aiding and abetting;

-1-

Count 2, conspiracy to possess with intent to distribute marijuana; Counts 3 and 5, possession with intent to distribute marijuana, aiding and abetting; Counts 4 and 6, possession of a firearm in furtherance of a drug trafficking crime, aiding and abetting, in violation of 18 U.S.C. § 924(c); and Count 7, transportation of firearms in interstate and foreign commerce, aiding and abetting.

On January 5, 2009, Tolliver pleaded guilty to all seven counts. The court sentenced him to 24 months on Counts 1, 2, 3, 5, and 7, to be served concurrently, the mandatory minimum of 60 months on the first § 924(c) count (Count 4), and the mandatory minimum of 300 months on the second § 924(c) count (Count 6), for a total of 384 months of incarceration. He has been in custody for approximately fifteen years (183 months) and his projected release date is June 25, 2033.

At the time Tolliver was sentenced, any second conviction under § 924(c), even if it occurred in the same proceeding as the first conviction, resulted in a mandatory sentence "of not less than 25 years." 18 U.S.C. § 924(c)(1)(C) (2006). *See United States v. Washington*, 714 F.3d 962, 970 (6th Cir. 2013) (citing *Deal v. United States*, 508 U.S. 129 (1993)). The practice of imposing a sentence enhancement for a second or subsequent § 924(c) conviction in the same proceeding is referred to as "stacking."

-2-

The First Step Act of 2018 amended § 924(c)(1)(C) to eliminate "stacking." See Pub. L. No. 115-391, § 403, 132 Stat. 5194 (Dec. 21, 2018). In other words, to trigger the 25-year minimum under § 924(c)(1)(C), the prior conviction must have occurred in a prior proceeding and "become final." Id. Accordingly, if sentenced today, Tolliver would face a mandatory minimum sentence of 60 months for his second § 924(c) count (Count 6) rather than 300 months. See 18 U.S.C. § 924(c)(1)(A).

## LAW AND ANALYSIS

As a result of this change in the law, Tolliver contends that extraordinary and compelling reasons exist that render him eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c). Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

Tolliver exhausted his administrative remedies by submitting a

request for compassionate release to the warden of his facility, which was denied on February 11, 2020. Therefore, the court may consider the merits of his motion. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020).

When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The only potentially applicable policy statement is set forth in U.S.S.G. § 1B1.13. The Sixth Circuit has determined that this policy statement applies only to motions brought by the BOP, not to those brought by incarcerated persons. Therefore, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary

and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111; *accord Elias*, 984 F.3d at 519-20.

Tolliver contends that the elimination of the "stacking" of mandatory sentences by the First Step Act provides an extraordinary and compelling basis for release. Numerous courts have found that this sweeping change in the law, which eliminated lengthy mandatory sentences, constitutes an extraordinary and compelling reason to consider a sentence reduction. *See, e.g., United States v. McCoy,* 981 F.3d 271, 285-86 (4th Cir. 2020); *United States v. Maumau*, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020), *aff'd,* 993 F.3d 821 (10th Cir. 2021); *United States v. Young*, 458 F. Supp.3d 838, 848 (M.D. Tenn. 2020); *United States v. Redd*, 444 F. Supp.3d 717, 723-24 (E.D. Va. 2020); *United States v. Decator*, 452 F. Supp.3d 320, 324-25 (D. Md. 2020); *United States v. Haynes*, 456 F. Supp.3d 496, 514-15 (E.D.N.Y. 2020); *Bellamy v. United States*, 474 F. Supp.3d 777, 785-86 (E.D. Va. 2020). Indeed, "it is hard to argue that the manifest unfairness of keeping a man in prison for decades more than if he had committed the same crime today is neither extraordinary nor compelling." *United States v. Brown*, 457 F. Supp.3d 691, 702-703 (S.D. Iowa 2020).[1]

---

[1] A minority of courts disagree that a change in the law can constitute an extraordinary

The government argues that the change in § 924(c) penalties ushered in by the First Step Act cannot provide a basis for compassionate release, because Congress explicitly decided not to make those changes retroactive. As many courts have held, however, Congress's failure to make the amendment retroactive does not necessarily preclude the court from considering the changes in the context of a motion for compassionate release. *See, e.g.*, *McCoy*, 981 F.3d at 286 ("The fact that Congress chose not to make § 403 of the First Step Act categorically retroactive does not mean that courts may not consider that legislative change in conducting their individualized reviews of motions for compassionate release under § 3582(c)(1)(A)(i)."); *Maumau*, 2020 WL 806121, at *7; *Decator*, 452 F. Supp.3d at 325; *United States v. Adeyemi*, 470 F. Supp.3d 489, 522 (E.D. Pa. 2020).

The government cites the Sixth Circuit's recent decision in *United States v. Tomes* for the proposition that the court may not consider non-retroactive changes in the law as a basis for a sentence reduction under § 3582(c). 990 F.3d 500, 505 (6th Cir. 2021). The court in *Tomes* affirmed the district court's denial of compassionate release, because the court did

---

and compelling reason.  *See United States v. Martin*, 2020 WL 4464430, at *3 (S.D. Ill. Aug. 4, 2020); *United States v. Andrews*, 480 F. Supp.3d 669, 680-81 (E.D. Pa. 2020).

not abuse its discretion in determining that the § 3553(a) factors did not support a sentence reduction. The defendant argued that he should be granted compassionate release based upon the First Step Act's amendment to 21 U.S.C. § 841, reducing the mandatory minimums for drug felonies. The Sixth Circuit rejected this argument, noting that the statutory change was not retroactive, and that compassionate release should not be "an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Tomes,* 990 F.3d at 505.

The Sixth Circuit did not, however, hold that it would be an abuse of discretion for a district court to consider a change in the law as a basis for compassionate release in its individualized assessment of a defendant's circumstances. The *Tomes* court also did not address the abandoned "stacking" regime in § 924(c), as well as the many opinions holding that this drastic change in the law may be considered, along with other relevant factors, in determining whether extraordinary and compelling reasons exist. Although the change in law may not constitute an extraordinary and compelling reason in itself, the court's ability to consider it is consistent with the Sixth Circuit's holding in *Jones* that "district courts have *full discretion* . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109 (emphasis added). *See*

*also United States v. McGee*, __ F.3d __, 2021 WL 1168980 at *10 (10th Cir. Mar. 29, 2021).

Indeed, the Sixth Circuit recently considered and rejected the government's argument in *United States v. Owens*, __ F.3d __, 2021 WL 1811538, at *7 (6th Cir. May 6, 2021). The court held that the *Tomes* decision does not preclude the consideration of sentencing disparities created by the § 924(c) amendments when determining whether extraordinary and compelling reasons exist. Rather, the court is permitted to consider the amendments, along with other factors. "[I]n making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied." *Owens*, 2021 WL 1811538 at * 7.

This court followed the approach endorsed by *Owens* in *United States v. Baker,* No. 10-20513, 2020 WL 4696594, at *1 (E.D. Mich. Aug. 13, 2020). The court granted a sentence reduction based upon the change in law, in combination with other factors. The court held that "the combination of [Johnny] Baker's remarkable record of rehabilitation, his relative youth at the time of his offense, the length of his sentence, and the

disparity between his sentence and those sentenced for similar crimes after the First Step Act create an extraordinary and compelling basis for relief." *Id.* at *4.

Similarly, Tolliver has provided evidence of meaningful rehabilitative efforts during the fifteen years that he has spent in prison. He has availed himself of educational opportunities, including computer, history, blueprint reading, coping skills, and fitness classes. He has also completed a program in solar photovoltaic installation, through Victor Valley College, and a program in construction safety. Tolliver served as head clerk to the prison chaplain at the facility chapel and as unit tutor for the GED program. He was a member of the suicide cadre at FCI McDowell and has recently served as a mentor to young, high-risk inmates.

During his time in prison, Tolliver has spent a significant amount of time in the library, writing several books, including novels, children's books, and a history of Los Angeles's Skid Row. He has one disciplinary infraction, in 2015. He has presented several letters demonstrating strong support from his family and community.

The court notes that Tolliver's co-defendants, who were charged with similar conduct, received significantly lower sentences. *See* ECF No. 255 (Lamarcus Jones, 140 months); ECF No. 63, 279 (Anthony Lightfoot,

reduction from 116 months to 60 months after motion for downward departure); ECF No. 262 (Phillip Walls, 72 months after motion for downward departure). To be sure, these defendants cooperated with the government and appropriately benefited at sentencing. Nonetheless, even accounting for this cooperation the disparity is stark, as Tolliver's sentence of 384 months is nearly three to five times the sentences received by his similarly culpable co-defendants. Although his lack of cooperation may militate in favor of a longer sentence, an additional mandatory twenty years is perhaps a bridge too far.

The court finds that the combination of the change in the law, Tolliver's significant rehabilitative efforts and good conduct in prison, and the disparity between his sentence and those of his co-defendants, as well as those sentenced for the same crimes after the First Step Act, constitutes an extraordinary and compelling basis for relief in this case.

The court next considers whether the 18 U.S.C. § 3553(a) factors support a sentence reduction. The government argues that Tolliver is dangerous, citing the seriousness of his offenses and a previous drug conviction in state court. Tolliver's offenses, in facilitating the exchange of numerous guns for marijuana, are undeniably serious. His rehabilitative efforts and good conduct in prison for the past fifteen years, however,

suggest that Tolliver would not present a danger to the community upon release. He does not have a history of violent behavior and his criminal history consists mainly of minor offenses. Accounting for Tolliver's history and characteristics, his 384-month sentence is greater than necessary to accomplish the goals of respect for the law, just punishment, deterrence, and the protection of the public. The § 3553 factors support a reduction in Tolliver's sentence.

## CONCLUSION

For all of these reasons, IT IS HEREBY ORDERED that Tolliver's motion for the reduction of sentence (ECF No. 330) is GRANTED and his sentence is reduced to time served.

IT IS FURTHER ORDERED that this order is STAYED for up to fourteen days, for verification of Tolliver's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure his safe release. Tolliver shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for defendant to travel. There shall be no delay in ensuring that travel arrangements are made. If more than fourteen days are needed to make travel arrangements and ensure Tolliver's safe release, the parties shall immediately notify the court and show cause why the stay

should be extended.

    IT IS FURTHER ORDERED that Tolliver's previously imposed conditions of supervised release are unchanged. *See* ECF No. 278.

Dated: May 26, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on May 26, 2021, by electronic and/or ordinary mail.

s/Leanne Hosking
Deputy Clerk

---